IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACOB BARRETT,

                Plaintiff,

     v.

STATE OF OREGON; KATE BROWN[1],
Governor of Oregon; OREGON DEPARTMENT
OF CORRECTIONS; COLLETTE PETERS,
Director of ODOC; KARIN POTTS, ICC
Coordinator for ODOC; R. SCHMIDT, ICC
Coordinator,

                Defendants.

No. 6:14-CV-01204-HZ

OPINION & ORDER

Jacob Barrett
C07320
Santa Rosa Correctional Institution Annex
5851 East Milton Rd.
Milton, FL 32583

      Plaintiff Pro Se

---

[1] Kate Brown has succeeded Defendant John Kitzhaber and is automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

Shannon M. Vincent
OREGON DEPARTMENT OF JUSTICE
Trial Division, CLS
1162 Court Street, NE
Salem, OR 97301

     Attorney for Defendants

HERNÁNDEZ, District Judge:

     Pro se Plaintiff Jacob Barrett brings this action against Defendants State of Oregon; Kate Brown, Governor of Oregon; Oregon Department of Corrections (ODOC); Collette Peters, Director of ODOC; Karin Potts, Interstate Compact Coordinator (ICC) for ODOC[2]; and R. Schmidt, ICC Coordinator. Plaintiff is an ODOC inmate housed in the Florida Department of Corrections (FDOC) pursuant to the Interstate Corrections Compact (ICC). See Or. Rev. Stat. §§ 421.245, 421.250. Plaintiff seeks relief under 42 U.S.C. § 1983, alleging violations of his rights under the United States Constitution's First and Fourteenth Amendments and Article I, Section 8 of the Oregon Constitution; and the Religious Land Use and Institutionalized Persons Act, 42 USC §§ 2000cc– 2000cc–5 (2000). Defendants move to dismiss Plaintiff's claims.

     The essence of Plaintiff's claims is that the transfer to and continued confinement in Florida substantially burdens Plaintiff's religious exercise and free speech rights. Because a state court judgment on the same issues has already been entered, Plaintiff is precluded from relitigating the issues. Accordingly, the Court dismisses Plaintiff's complaint.

## BACKGROUND

     The following facts are taken from Plaintiff's Amended Complaint, [27]. Since May 2007, Plaintiff has been transferred by ODOC to Oklahoma, New Mexico, and Florida. Am.

---

[2] Since the filing of Plaintiff's original Complaint, Defendant Potts has retired. The new ICC coordinator is R. Schmidt. The Court construes Plaintiff's Amended Complaint as substituting R. Schmidt for Ms. Potts as a defendant and dismissing Ms. Potts from the case. See Am. Compl. 3.

Compl. 9, n.1. According to Plaintiff, Defendants knew or should have known about Plaintiff's religious faith before transferring him to Florida. Id. at 8.

Plaintiff practices the faith of Druidism; specifically, he practices "Glefiosa ('Bright Knowledge') or what is often referred to as Celtic Shamanism, a sect within the broader Druid faith." Id. at 11. The following are central aspects of Plaintiff's faith: (1) using religious items in routine rituals and holy day observances; (2) possessing religious items including a "les bag" (medicine bag), "crane-bag", altar cloth, oak wood "rune set and rune bag", ritual bowl, various herbs, and a "Dudeen" (ceremonial pipe); (3) creating art, specifically "paño art[3]"; and (4) sharing his faith with others and participating in political and social justice issues, including by receiving publications with political articles by prisoners and participating in pen-pal services. Id. at 11, 19-21, 24-25.

During his time in FDOC custody, Plaintiff has been unable to exercise central aspects of his faith. FDOC denied Plaintiff access to the religious items described above. Id. at 15. A piece of Plaintiff's paño art was confiscated and now Plaintiff cannot create paño art because "FDOC has a blanket ban on both paño art and art in general." Id. at 21. Plaintiff cannot receive "Black and Pink," a newspaper produced for prisoners which has pen-pal advertisements and political articles because "the FDOC as a matter of policy and practice prohibits political articles by prisoners and publications with pen-pal services." Id. at 24. Plaintiff alleges that he has exhausted his administrative remedies within FDOC and ODOC. Id. at 15-18, 22-23, 26-27.

///

---

[3] Paño art is a "well-established form of art" which began in prisons in the 1950s and consists of art drawn on a handkerchief (a "paño"). Am. Compl. 20. Plaintiff describes drawing various images of Druid religious symbols and religious items on a paño, which has become a symbol of his prison experience and culture. Id. at 20-21.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Am. Family Ass'n, Inc. v. City & Cnty. of S.F., 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. See Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (internal quotation marks, citation, and alterations omitted). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Additionally, "only a complaint that states a plausible claim

4 – OPINION & ORDER

for relief survives a motion to dismiss." Id. at 679. A complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" Id. at 679.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (citations omitted).

## DISCUSSION

Plaintiff brings seven claims against Defendants. All of Plaintiff's claims allege that, due to his transfer and assignment to custody in FDOC, Plaintiff has been denied free speech rights and religious exercise rights that he would have if he were in custody in Oregon. Plaintiff asserts that Defendants, all of whom are Oregon government agencies or employees, expressly approved of the denial of Plaintiff's rights. Plaintiff alleges that Defendants knew or should have known that Plaintiff's rights would be violated while in FDOC custody.

Defendants move to dismiss Plaintiff's claims. Relying on the doctrine of issue preclusion, Defendants argue that Plaintiff's claims are precluded by two Oregon state court cases filed by Plaintiff that are currently pending. Even if Plaintiff's claims are not precluded, Defendants argue that Plaintiff's claims should be dismissed because Defendants are not responsible for FDOC's conditions of confinement. Additionally, Defendants argue that Plaintiff's state law claim invoking the Oregon Constitution cannot move forward in this Court. Finally, and alternatively, Defendants move the Court for an order abstaining from hearing the case in light of Plaintiff's pending state cases.

The Court finds that the issues raised in Plaintiff's complaint are precluded by Plaintiff's state habeas corpus case. Thus, the Court dismisses the action without reaching the remainder of Defendants' arguments.

## I.    Judicial Notice

The Court takes judicial notice of Plaintiff's Petition for Writ of Habeas Corpus, Defendant's Response to Order to Show Cause and Motion to Deny, General Judgment of Dismissal, Plaintiff's Opening Brief, and Defendant's Answering Brief, in Barrett v. Peters, et al., Marion County Circuit Court Case No. 13C20437. Defs.' Mot. Dismiss Exs. 1-3; Pl.'s Resp. Exs. 1-2. The Court also takes judicial notice of Plaintiff's Second Amended Civil Complaint and a letter from Judge Claudia M. Burton in Barrett v. ODOC , et al.,in Marion County Circuit Court Case No. 14C11436. Defs.' Mot. Dismiss Exs. 4-5.

A court may take judicial notice of facts that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this rule, courts may take judicial notice of papers filed in other courts, including state courts, as well as orders issued by other courts. See Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); Porter v. Ollison, 620 F.3d 952, 955 n. 1 (9th Cir. 2010). A court may consider matters of judicial notice without converting a motion to dismiss into a motion for summary judgment. United States v. Ritchie, 342 F.3d 903,907 (9th Cir. 2003).

Neither party disputes the authenticity of the documents. Accordingly, the Court takes judicial notice of the proffered documents.

///

## II.    Issue Preclusion

The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, requires that a federal court

give to a state court judgment the same preclusive effect as would be given that judgment under

the law of the state in which the judgment was rendered. See Migra v. Warren City School Dist.

Bd. of Educ., 465 U.S. 75, 81 (1984). "Issue preclusion . . . bars successive litigation of an issue

of fact or law actually litigated and resolved in a valid court determination essential to the prior

judgment, even if the issue recurs in the context of a different claim." White v. City of Pasadena,

671 F.3d 918, 926-27 (9th Cir. 2012) (quoting Taylor v. Sturgell, 553 U.S. 880, 892 (2008). The

United States Supreme Court recently explained:

> The idea is straightforward: Once a court has decided an issue, it is "forever settled as
> between the parties," Baldwin v. Iowa State Traveling Men's Assn., 283 U.S. 522, 525,
> 51 S.Ct. 517, 75 L.Ed. 1244 (1931), thereby "protect[ing]" against "the expense and
> vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing]
> reliance on judicial action by minimizing the possibility of inconsistent verdicts,"
> Montana v. United States, 440 U.S. 147, 153–154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).
> In short, "a losing litigant deserves no rematch after a defeat fairly suffered." Astoria Fed.
> Sav. & Loan Assn. v. Solimino, 501 U.S. 104, 107, 111 S.Ct. 2166, 115 L.Ed.2d 96
> (1991).

B & B Hardware, Inc. v. Hargis Indus., Inc., 135 S. Ct. 1293, 1302-03 (2015).

The rule of issue preclusion applies equally to § 1983 actions in federal courts. Allen v.

McCurry, 449 U.S. 90, 98 (1980). A district court may consider the affirmative defense of issue

preclusion on a Rule 12(b)(6) motion to dismiss. Fairbank v. Underwood, 986 F. Supp. 2d 1222,

1231 n.5 (D. Or. 2013).

A.  State habeas case

On July 23, 2013, in Barrett v. Peters ("Plaintiff's state habeas case"), Marion County

Circuit Court Case No. 13C20437, Plaintiff filed a petition for writ of habeas corpus. Plaintiff

alleged that Defendant Collette Peters (Director of ODOC and a named defendant in the present

case) violated his state and federal constitutional rights, as well as his rights under RLUIPA. Defs.' Mot. Ex. 1 at 2. Plaintiff's claims were based on his transfer to and continued confinement in FDOC. Id. According to Plaintiff, the transfer and placement in FDOC violated his religious exercise rights because he was forced to shave his beard. Id.

On November 5, 2013, the court entered a general judgment of dismissal. Marion County Circuit Court Judge Courtland Geyer noted that Plaintiff's petition raised "many concerns over the decision to transfer his incarceration from Oregon to Florida, as well as the conditions of confinement in the Florida system." Defs.' Mot. Ex. 3 at 2. Judge Geyer held that Oregon officials do not control Plaintiff's conditions of confinement in Florida and Plaintiff has no constitutional right to incarceration in any particular state or transfer to another institution. Id. (citing Barrett v. Belleque, 344 Or. 91, 101 n.7 (2008) and Olim v. Wakinekona, 406 U.S. 238, 245 (1983)). Furthermore, Plaintiff's "complaints about the process of his transfer to the state of Florida" were also without merit. Id.

The title page of Judge Geyer's judgment of dismissal states that the dismissal was without prejudice; however, the language at the end of the judgment states that the petition is dismissed with prejudice. Plaintiff appealed the court's decision to the Oregon Court of Appeals, where the case is still pending.

B.  State civil case

On July 17, 2014, in Barrett v. ODOC, et al. ("Plaintiff's state civil case"), Marion County Circuit Court Case No. 14C11436, Plaintiff filed a civil lawsuit against ODOC, Collette Peters, Karin Potts, and Greg Jones. Defs.' Mot. Ex. 4 at 1. Plaintiff alleged that FDOC's grooming policies violated his rights under RLUIPA and the Oregon Constitution, and Plaintiff alleged a number of common law claims. The essence of Plaintiff's claims was that, while

housed in FDOC, he was deprived of the right to exercise his religious preference with regard to hair and beard length, and that Plaintiff would not have been deprived of these rights if he were housed in Oregon.

On December 15, 2014, Marion County Circuit Court Judge Claudia M. Burton issued a letter to Plaintiff and counsel for the defendants. Defs.' Mot. Ex. 5. Judge Burton explained that she deferred ruling on the defendants' motion to dismiss, pending appellate determination of Plaintiff's habeas corpus case. Id. at 2. In making her decision, Judge Burton noted that she was not sure she would have reached the same conclusion as Judge Geyer. Id. However, Judge Burton wrote:

> [I]f the habeas case determines that plaintiff is not entitled to the same religious rights with regard to his hair growth that he had in Oregon when Oregon transfers him under the Interstate Corrections Compact to another state, that would preclude plaintiff's claims in this case.
>
> ***
>
> I believe that the most prudent course of action rather than having potentially conflicting decisions issue from the trial court is to await appellate determination of the underlying question whether plaintiff is entitled under the Interstate Corrections Compact to enjoy the same religious rights regarding hair growth in Florida that he would have in Oregon.

Defs.' Mot. Ex. 5.

C.  Present case

Defendants argue that the present case is Plaintiff's "third time at bat raising the same legal issues," Def.'s Mot. 2, and that Plaintiff's claims are barred by issue preclusion. The Court agrees.

In determining the preclusive effect of a a state court judgment, the court follows the state's rules of preclusion. White, 671 F.3d at 926 (citing Kremer v. Chem. Const. Corp., 456 U.S. 461, 482 (1982); Houston v. City of Coquille, 329 Fed. App'x. 132, 133 (9th Cir. 2009)

("The preclusive effect of a state court judgment in a federal proceeding is governed by state

law."). "In Nelson v. Emerald People's Util. Dist, the Oregon Supreme Court held:

> If one tribunal has decided an issue, the decision on that issue may preclude relitigation
> of the issue in another proceeding if five requirements are met:
>
> 1. The issue in the two proceedings is identical.
> 2. The issue was actually litigated and was essential to a final decision on the merits in
>    the prior proceeding.
> 3. The party sought to be precluded has had a full and fair opportunity to be heard on
>    that issue.
> 4. The party sought to be precluded was a party or was in privity with a party to the
>    prior proceeding.
> 5. The prior proceeding was the type of proceeding to which this court will give
>    preclusive effect.

318 Or. 99, 104, 862 P.2d 1293 (1993) (citations omitted). The party asserting issue preclusion

bears the burden of proof on the first, second, and fourth requirements, whereupon the burden

shifts to the party against whom preclusion is asserted to show that the third and fifth

requirements are not met. Thomas v. U.S. Bank Nat. Ass'n, 244 Or. App. 457, 469, 260 P.3d

711, 719 (2011) (citation omitted).

Here, the fourth and fifth elements are clearly met. Defendants seek to preclude Plaintiff,

who was a party in the state habeas proceeding. A state habeas case is the type of proceeding to

which this Court will give preclusive effect. See Johnson v. Williams, No. CIV. 07-1659-KI,

2009 WL 4110200, at *5 (D. Or. Nov. 24, 2009). "[B]ecause of the nature of a state habeas

proceeding, a decision actually rendered should preclude an identical issue from being relitigated

in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the

issue to be heard and determined under federal standards." Silverton v. Dep't of Treasury, 644

F.2d 1341, 1347 (9th Cir. 1981). Therefore, the question of whether Defendants properly assert

issue preclusion hinges upon whether the first three elements are met.

With regard to the first element, the issues decided in the state habeas proceeding and the present case are "identical" for the purposes of issue preclusion. Judge Geyer already decided that Plaintiff's claims against Oregon officials regarding his conditions of confinement in FDOC or the process of his transfer to FDOC are without merit. Defs.' Mot. Ex. 3 at 2.

Plaintiff argues that Defendants fail to meet their burden to show the issues are identical because the present case is based on different facts from the state habeas case. While the state habeas case focused on FDOC's grooming policies, this case alleges other types of restrictions on Plaintiff's religious exercise and free speech rights.

However, Plaintiff misunderstands the law. The Ninth Circuit has adopted four factors to consider in determining whether the issue in a proceeding is "identical" to an issue previously litigated: (1) whether there is a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first; (2) whether the new evidence or argument involves the application of the same rule of law as that involved in the prior proceeding; (3) whether pretrial preparation and discovery related to the matter presented in the first action could reasonably have been expected to embrace the matter sought to be presented in the second; and (4) whether the claims involved in the two proceedings are closely related. See Steen v. John Hancock Life Insurance, Co., 106 F.3d 904, 913 (9th Cir. 1997).

Plaintiff's current case is based on the application of the same rule of law that was involved in his state habeas case. Judge Geyer held that Oregon officials do not control Plaintiff's conditions of confinement in Florida, Plaintiff has no constitutional right to incarceration in any particular state or transfer to another institution, and Plaintiff's "complaints about the process of his transfer to the state of Florida" are without merit. Id. The claims

presented in this proceeding are closely related to the state habeas case and there is substantial

overlap between the evidence and arguments advanced in this case and the state habeas case.

Plaintiff's citation of Engquist v. Oregon Dep't of Agric., 478 F.3d 985, 1007 (9th Cir.

2007) aff'd sub nom. Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 128 S. Ct. 2146, 170 L.

Ed. 2d 975 (2008) is unavailing. In Engquist, the Ninth Circuit found that the issues in a prior

age discrimination action by the plaintiff's coworker were not identical to issues of

discrimination in a plaintiff's subsequent lawsuit, because it was possible that jurors could find

against the employer in the coworker's suit but not in the plaintiff's suit. 478 F.3d at 1007. The

issue of discrimination was not identical as between the plaintiff and his coworker. Id. Here, on

the other hand, the plaintiff is the same as in the state habeas case and, as discussed above, the

legal issues are identical.

As to the second element of the issue preclusion analysis, the issues here were actually

litigated and were essential to a final decision on the merits in the state habeas proceeding. An

issue is "actually litigated" when "the factual and legal issues that the plaintiff raises in the

second case were *actually* adjudicated and essential to the determination of the first case."

Thomas, 244 Or. App. at 472, 260 P.3d at 720-21 (citing Ram Technical Services, Inc. v.

Koresko, 240 Or. App. 620, 632, 247 P.3d 1251 (2011) (emphasis in original). See also

Restatement (Second) of Judgments § 27 comment d (1982) ("When an issue is properly raised,

by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is

actually litigated . . . .").

Plaintiff argues that Defendants fail to meet their burden on this element for two reasons.

First, Plaintiff argues that Judge Geyer granted the defendants' motion to deny the writ of habeas

corpus before Plaintiff was allowed to file a response. However, Plaintiff submits no authority to

support his assertion that Judge Geyer was required to give him time to file a response. Before the writ issues, a Court may "deny the petition" on the defendant's motion that the petition fails to state a claim for habeas corpus relief. ORS 34.680(1); <u>Lovelace v. Morrow</u>, 186 Or. App. 719, 724, 64 P.3d 1201, 1203 (2003).

Second, Plaintiff argues that Judge Geyer dismissed the case with prejudice instead of without prejudice, thereby preventing Plaintiff from filing an amended complaint. Defendants concede that the state habeas case dismissal should have been without prejudice, and they acknowledged as much in their state appellate brief. <u>See</u> Pl.'s Resp. Ex. 2 at 17-18 (noting that the dismissal "with prejudice" was likely a scrivener's error). Nevertheless, Defendants argue that this procedural error does not prevent the state habeas case from having a preclusive effect upon the present case. The Court agrees. While the entry of judgment dismissing the case with prejudice was likely an error, the case was not dismissed on procedural grounds; rather, the decision was based on the merits. <u>See</u> <u>Rennie v. Freeway Transp.</u>, 294 Or. 319, 330, 656 P.2d 919, 925 (1982) ("The term 'on the merits' connotes a final definitive decision as to the substantive validity of plaintiff's cause of action, in contrast to a ruling based wholly on a procedural aspect of the case."). Plaintiff appealed the judgment.

The final element of the issue preclusion analysis is whether Plaintiff had a full and fair opportunity to be heard. Plaintiff argues that because his state habeas case is pending on appeal, it has not yet been "fully heard." Contrary to Plaintiff's assertion, the fact that Plaintiff is currently appealing the habeas ruling to the Oregon Court of Appeals does not delay issue preclusion from attaching to the trial court judgment. <u>Fairbank</u>, 986 F. Supp. 2d at 1237 (citing <u>Ron Tonkin Gran Turismo v. Wakehouse Motors</u>, 46 Or. App. 199, 207, 611 P. 2d 658

(explaining that, under Oregon law, a pending appeal does not affect the finality of a judgment for the purposes of claim or issue preclusion).

In sum, the Court finds that Plaintiff is precluded from relitigating the issues decided in the state habeas proceeding. Plaintiff cannot state a claim against Oregon officials regarding his conditions of confinement in FDOC or the decision behind his transfer to FDOC.

## III.    Dismissing with Prejudice

Plaintiff's entire complaint is based upon issues that he is precluded from litigating. Accordingly, the Court dismisses the case with prejudice. See, e.g., Bonilla v. Smelosky, 594 F. App'x 933, 934 (9th Cir. 2015) (affirming dismissal with prejudice when plaintiff's claims were precluded by prior state court action).

## CONCLUSION

Defendants' motion to dismiss [33] is granted. Plaintiff's Amended Complaint [27] is dismissed with prejudice under the doctrine of issue preclusion. Pending motions, if any, are denied as moot.

IT IS SO ORDERED.

Dated this ___7___ day of ___May_____, 2015.

MARCO A. HERNÁNDEZ
United States District Judge

14 – OPINION & ORDER