IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACOB BARRETT,

               Plaintiff,

    v.

STATE OF OREGON; KATE BROWN, Governor of Oregon; OREGON DEPARTMENT OF CORRECTIONS; COLLETTE PETERS, Director of ODOC; KARIN POTTS, ICC Coordinator for ODOC; R. SCHMIDT, ICC Coordinator;

               Defendants.

No. 6:14-cv-01204-HZ

OPINION & ORDER

Jacob Barrett
C07320
Santa Rosa Correctional Institution
5850 East Milton Rd.
Milton, FL 32583

    Plaintiff Pro Se

1 – OPINION & ORDER

Shannon M. Vincent
OREGON DEPARTMENT OF JUSTICE
Trial Division, CLS
1162 Court Street, NE
Salem, OR 97301

       Attorney for Defendants

HERNÁNDEZ, District Judge:

      Plaintiff Jacob Barrett has filed a motion for reconsideration under Rule 60(b) asking the Court to revisit this case for two reasons. First, Plaintiff asserts that a recent Supreme Court case sets forth an intervening change in the controlling law that would subject his Religious Land Use and Institutionalized Persons Act, 42 USC §§ 2000cc-2000cc-5 (2000) (hereinafter, RLUIPA), claim to a stricter standard of review. Second, Plaintiff asks the Court to reconsider its preclusion analysis. Plaintiff argues that he was not given proper opportunity to file a response in his state habeas case and, therefore, was not fully heard. For the following reasons, the motion for reconsideration is denied.

## BACKGROUND

      Pro se Plaintiff Jacob Barrett brought an action on July 28, 2014 against Defendants State of Oregon; Kate Brown, Governor of Oregon; Oregon Department of Corrections (ODOC); Collette Peters, Director of ODOC; Karin Potts, Interstate Compact Coordinator (ICC) for ODOC; and R. Schmidt, ICC Coordinator. Plaintiff is an ODOC inmate currently housed in the Florida Department of Corrections (FDOC) pursuant to the Interstate Corrections Compact (ICC). See Or. Rev. Stat. §§ 421.245, 421.250. In his complaint, Plaintiff alleged that Defendants violated his rights under the United States Constitution's First and Fourteenth Amendments and Article I, Section 8 of the Oregon Constitution; and RLUIPA.

2 – OPINION & ORDER

On January 9, 2015, Defendants filed a motion to dismiss Plaintiff's amended complaint, arguing, among other reasons, that Plaintiff's case was precluded by a prior state court opinion. This Court granted Defendants' motion to dismiss on May 7, 2015, holding that Plaintiff's pending Oregon State court case, Barrett v. Peters ("Plaintiff's state habeas case"), Marion County Circuit Court Case No. 13C20437, precluded Plaintiff from bringing his claims.

## STANDARDS

A party may seek reconsideration of a ruling under Rule 60(b) of the Federal Rules of Civil Procedure. "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir. 1994) (citation and quotation marks omitted). Under Rule 60(b), a court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). However, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citing 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

## DISCUSSION

I.  JURISDICTION

Plaintiff filed a notice of appeal on the same day that he filed the present motion for reconsideration. As a general rule, a notice of appeal transfers jurisdiction over the matters

appealed to the appellate court, and divests the district court of jurisdiction over those aspects of the case. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam); Fed. R. App. P. 4(a)(4)(B)(i). This Court, however, maintains jurisdiction over this case because Plaintiff's pending motion for reconsideration suspended his notice of appeal, which will not take effect until this Court has ruled on the motion. See Miller v. Marriott Int'l, Inc., 300 F.3d 1061, 1064 (9th Cir. 2002) ("Under [Appellate] Rule 4(a)(4)(A), the [plaintiffs'] Rule 60(b) motions prevented the [plaintiffs'] notices of appeal from becoming effective until the district court ruled on the merits of those motions.").

> Furthermore, on June 4, 2015, the Ninth Circuit issued an order stating that:
>
> The notice of appeal was filed during the pendency of a timely filed motion listed in Federal Rule of Appellate Procedure 4(a)(4). The notice of appeal is therefore ineffective until entry of the order disposing of the last such motion outstanding. See Fed. R. App. P. 4(a)(4). Accordingly, proceedings in this court shall be held in abeyance pending the district court's resolution of the pending June 1, 2015 motion. See Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co., 19 F.3d 444, 445 (9th Cir. 1994).

Ninth Circuit Order, ECF No. 60. Therefore, this Court has jurisdiction to hear Plaintiff's motion.

II. MERITS

    a) There is no intervening change in the controlling law.

Plaintiff asks the Court to revisit its decision because of a recent Supreme Court case, Holt v. Hobbs, 135 S. Ct. 853 (2015). While Plaintiff does not specify under which Rule 60(b) category he seeks reconsideration, the Court construes his motion as a Rule 60(b)(6) motion because Plaintiff makes no allegations that would support an argument under categories one through five. Therefore, the Court must determine whether Holt is an intervening change in the controlling law and whether that change would justify relief in this case.

4 – OPINION & ORDER

The plaintiff in Holt was an Arkansas Department of Corrections (ADOC) inmate, housed in an Arkansas prison. Id. at 859.  The inmate was Muslim and filed a lawsuit against ADOC, claiming that ADOC's grooming policy prevented him from growing a half-inch beard in accordance with his religious beliefs. Id.  The Court held that ADOC's grooming policy violated RLUIPA because it burdened the inmate's exercise of religion and ADOC failed to show that the policy was the "least restrictive means of furthering its compelling interests." Id.

Plaintiff contends that, had Holt been available at the time of Plaintiff's state habeas case, the state court "could not have come to the conclusion it did." Pl.'s Mot. Recons. 5.  According to Plaintiff, this Court should now rely on the standards set in Holt to reconsider Defendants' liability for his transfer and conditions of confinement in FDOC.

The Court denies Plaintiff's request for reconsideration because Holt has no bearing on this case.  Holt is factually distinguishable from the present case because the plaintiff in Holt was an Arkansas inmate housed in an Arkansas prison, not a transferee housed out-of-state, and the defendants were Arkansas officials, not officials from an ICC sending state.  Holt v. Hobbs, 135 S. Ct. at 859.  Holt also does not confront the legal issues that are pertinent to this case.  Holt does not discuss the rights of transferee-inmates nor does it speak to the issue of officials from sending states controlling the rules at out-of-state prisons.  Finally, Holt does not address a sending-state official's liability for the actions and policies of correctional officials in receiving states.  Because Holt does not set forth any intervening change in the controlling law, and because this Court finds no other reason justifying relief, Plaintiff's motion for reconsideration is denied.

///

      b) Plaintiff does not raise any new arguments pertaining to the second element of this Court's preclusion analysis.

Plaintiff asks the Court to reconsider its finding that Plaintiff is precluded from bringing this case in federal court because it is based on issues already decided in Plaintiff's state habeas proceeding. Plaintiff does not submit any new evidence or argument in support of this request. The Court already addressed this issue in its May 7, 2015 Opinion & Order and Plaintiff's motion does not change the Court's analysis.

## CONCLUSION

Plaintiff's Motion for Reconsideration [54] is DENIED because Plaintiff does not provide any reason that justifies relief.

IT IS SO ORDERED.

Dated this \_\_19\_\_ day of June, 2015.

MARCO A. HERNÁNDEZ
United States District Judge

6 – OPINION & ORDER